UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CHANETT PEREZ,**

**Plaintiffs,**

CASE NO.:

vs.

**THE HOLMES GROUP, LLC d/b/a**
**OMNIA BLUE GENTLEMEN'S CLUB,**
**and JERMAINE HOLMES**
in his individual capacity,

**Defendants.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, CHANETT PEREZ, by and through the undersigned attorneys, sues Defendants THE HOLMES GROUP, LLC d/b/a OMNIA BLUE GENTLEMEN'S CLUB, and JERMAINE HOLMES, individually ("Defendants"), and alleges:

1. This is an action brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"). Defendants violated the minimum wage and record keeping requirements of the FLSA. Claimants seek unpaid wages, including tips, liquidated damages and reasonable attorneys' fees and costs.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

3. This action arises under the Fair Labor Standards Act, 29 U.S.C. §210, *et.*

*seq.* Jurisdiction is proper in this court pursuant to 29 U.S.C. § 216.

4. Venue is proper because Defendant conducts substantial business in Pinellas County, Florida, and Plaintiff worked for Defendant in Pinellas County, Florida, where the actions at issue took place.

## PARTIES

5. Plaintiff worked as an Entertainer for Defendants in Florida.

6. Plaintiff has worked for Defendants since 2023.

7. Plaintiff worked for Defendant based out of St. Petersburg, Florida.

8. THE HOLMES GROUP, LLC d/b/a OMNIA BLUE GENTLEMEN'S CLUB is a Florida Limited Liability Company located in St. Petersburg, Florida.

9. Defendant, JERMAINE HOLMES, owns and operates THE HOLMES GROUP, LLC d/b/a OMNIA BLUE GENTLEMEN'S CLUB.

## FLSA ENTERPRISE COVERAGE

10. At all material times relevant to this action (2022-2025), Defendant THE HOLMES GROUP, LLC d/b/a OMNIA BLUE GENTLEMEN'S CLUB was an enterprise covered by the FLSA, as defined by 29 U.S.C. § 203(r) and 203(s).

11. At all material times relevant to this action (2022-2025), Defendants made gross earnings of at least $500,000.00 annually.

12. At all material times relevant to this action (2022-2025), Defendants accepted payments from customers based on credit cards issued by out of state banks.

13. Defendants controlled and/or was responsible for the work of Plaintiff.

## FACTUAL ALLEGATIONS

14. Plaintiff worked as an Entertainer for Defendants from September 2023 through June 2025.

15. Plaintiff was not paid an hourly wage throughout her employment with Defendants.

16. Defendants required Plaintiff to utilize her tips to pay the staff.

17. Specifically, Plaintiff was required to tip the Bouncers and DJs.

18. As such, Plaintiff lost out on approximately $100 per week in surrendered tips to the Bouncers and DJs.

19. Defendants required Plaintiff to surrender tips to Management in the form of House Fees.

20. As such, Plaintiff lost out on approximately $150 per week in surrendered tips to the House Fees.

21. Defendants operated and managed the Club and were all involved in the day-to-day operation of the Club.

22. Defendants made the decision to classify Plaintiff as an independent contractor rather than an employee.

23. Defendants employed Plaintiff within the last three (3) years.

24. Plaintiff worked in the State of Florida without being paid at least the full minimum wage for all hours worked.

25. Defendants controlled and/or was responsible for the work of the Plaintiff.

26. Plaintiff did a specific job, i.e., dance for and entertain guests, which was/is an integral part of the business of Defendants.

27. As a result of these common policies, Plaintiff is entitled to receive full minimum for each hour worked as repayment improperly unpaid/deducted from her wages.

28. Defendants made the decision to require Plaintiff to pay certain fees and tip-outs each shift.

29. Defendants and their managers had the authority to suspend and discipline dancers.

30. Defendants and their managers directly and indirectly supervised dancers on a day-to-today basis.

31. Defendants made all advertising, marketing and promotional decisions regarding the club and paid all costs associated with advertising marketing and promoting the club.

32. Defendants required customers to pay a "door fee" to enter the business and thus had ultimate authority as to which individuals were allowed to enter the club as customers.

33. Defendants enforced a mandatory check-out process for their dancers, which included the payment of various fees to the Club, bouncers, and DJs.

34. Defendants maintained and enforced written and unwritten rules of conduct for dancers.

35. The duties of Defendants' management included ensuring that dancers complied with Club rules and policies.

36. Defendants provided all stages used for dance performances at the Club.

37. Defendants are responsible for day-to-day purchases of liquor for sale at the Club.

**COUNT I- VIOLATION OF 29 U.S.C. § 206 AND 215 OF THE FAIR LABOR STANDARDS ACT AGAINST THE HOLMES GROUP, LLC**

38. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-37 above and further asserts.

39. Plaintiff is an employee covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

40. Defendants did not compensate Plaintiff at an hourly rate above or equal to the minimum wage.

41. Defendants willfully failed to compensate Plaintiff at an hourly rate above or equal to the minimum wage.

42. Plaintiff is entitled to payment of her minimum wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

43. Defendants' requirement that Plaintiff pay fees and fines to the Club and its managers, bouncers, and DJs violated the "free and clear" requirement of 29 CFR 531.35.

44. Plaintiff is entitled to receive all unpaid minimum wages from Defendants for the hours that she worked.

45. Plaintiff is entitled to recover from Defendants as part of her wage loss, all fees, tip-outs and fines that it was required to pay in order to work at the Club.

46. Defendants' violation of the FLSA was willful.

47. In other words, Defendants knew or showed reckless disregard for the fact that its wage and "pay to work" policies violated the FLSA.

48. As a result of Defendants' willful underpayment of minimum wages as alleged above, Plaintiff is entitled to liquidated damages in accordance with FLSA §16(b), 29 U.S.C. § 216(b).

49. Defendants failed to act in good faith in implementing and enforcing its wage and "pay to work" policies and its implementation and enforcement of these policies was unreasonable.

50. Defendants violated the record keeping requirements of the FLSA.

51. As a result of its underpayment of minimum wages as alleged above, Defendants are liable to Plaintiff for minimum wage damages, reimbursement of misappropriated tips, liquidated damages, litigation costs, including reasonable attorney's fees, in accordance with FLSA §16(b), 29 U.S.C. § 216(b).

## COUNT II – REIMBURSEMENT OF HOUSE FEES AND TIPS AGAINST THE HOLMES GROUP, LLC

52. Plaintiff reasserts the allegations set forth in Paragraphs 1-37 above and incorporates them by reference into this second Claim of Relief.

53. Defendants further violated the FLSA by requiring the Plaintiff and the class members to pay house fees and tip outs as a condition of employment.

54. Defendants' house fee and tip out requirement benefited the Defendants and caused Plaintiff's potential wages to fall well below the minimum wage.

55. Pursuant to the FLSA, specifically 29 CFR § 531.35, wages must be paid "free and clear."

56. 29 CFR § 531.35, states in part "wages" cannot be considered to have been paid by the employer and received by the employee unless they are paid finally and unconditionally or "free and clear."

57. The wage requirements of the Act will not be met where the employee "kicks-back" directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee."

58. The house fees paid by the Plaintiff constitute "illegal kickbacks" pursuant to 29 CFR § 531.35.

59. The tip-outs paid by the Plaintiff to the Bouncers and the DJ constitute "illegal kickbacks" pursuant to 29 CFR § 531.35.

60. These sums must be returned to Plaintiff to bring Defendants' minimum wage obligations to the Plaintiff complied with the requirements of the FLSA.

61. Defendants' policy of house fees and tip outs were not recorded in the federal tax returns or gross receipts.

62. Defendants are not entitled to a set-off or tip credit for sums earned by the Plaintiff.

63. Defendants are liable to the Plaintiff in the amount of the sum of any tip credit taken by the employer and all such tips unlawfully kept by Defendant, and in an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

## COUNT III- VIOLATION OF THE FLSA BY DEFENDANT, JERMAINE HOLMES, INDIVIDUALLY

64. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-37 above and further asserts.

65. Defendant, JERMAINE HOLMES, is/was the "employer and employs(ed) Plaintiff as an "employee" within the meaning of the FLSA, 29, U.S.C. § 203(d).

66. Defendant, JERMAINE HOLMES is/was responsible for hiring the Club's "entertainers".

67. Defendant, JERMAINE HOLMES is/was responsible for firing the Club's "entertainers".

68. Defendant, JERMAINE HOLMES made the decision to classify Plaintiff as an independent contractor.

69. Defendant, JERMAINE HOLMES made the decision that

Plaintiff did not qualify for an hourly rate at least equal to the Federal Minimum Wage.

70. As a result, Defendant, JERMAINE HOLMES is individually liable for any damages under the FLSA.

Wherefore, Plaintiff seeks judgement against Defendant JERMAINE HOLMES for any FLSA damages.

WHEREFORE, Plaintiff, CHANETT PEREZ, demands judgment against Defendants for unpaid wages, tips, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable against Defendants.

Dated this 29th day of September, 2025.

> Respectfully submitted,
>
> s/ Ryan J. Glover
> Ryan J. Glover, Esquire — LEAD COUNSEL
> FBN: 118226
> Carlos V. Leach, Esquire
> FBN: 540021
> THE LEACH FIRM, P.A.
> 1560 N. Orange Ave., Suite 600
> Winter Park, FL 32789
> Telephone: (407) 574-4999
> Facsimile: (833) 813-7513
> Email: rglover@theleachfirm.com
> Email: cleach@theleachfirm.com